## McManus Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Robert W. Sayre,* and *R. M. Remick,* for exceptant.
*James F. Masterson,* contra.

VAN DUSEN, P. J., June 4, 1948.—The thorough and learned adjudication of the auditing judge vindicates his conclusion, and little need be said by us except by way of summary.

The will gives to trustees "a sum sufficient to produce a net yearly income of Ten Thousand Dollars, which net yearly income is to be expended for the maintenance and support of my daughter Mary". In our opinion this is a gift of the income to Mary, but with power in the trustees to expend it for her. When we learn that Mary was an incompetent person, at the time the will was made, the purpose of this power becomes clear, to wit, that the trustees are virtually to be her guardians so far as testator's provision for her is concerned.

It is not committed to the discretion of the trustees to determine how much of the income shall be expended, and there is no gift of unexpended income. The direction is "which net yearly income is to be expended" for Mary, and this makes all the income Mary's property.

In Kelly's Estate, 10 D. & C. 808, there was a gift of $25,000 "in trust for my daughter Louisa Kelly to collect all the income arising therefrom and after deducting their charges to apply the net income accruing therefrom to her maintenance and support during her natural life". It was held that the entire income belonged to the daughter. The only difference between that case and the present case is that in the present case, instead of giving the income on a specified principal sum, the will gives a specified amount of income, $10,000. The gift of a specified annual income in the

present case is certainly no less indicative of an intention to give the whole income to Mary than the gift of the income on a specified sum in the Kelly case.

On the death of the daughter the trustees are to pay the principal "and any accumulation of income therefrom" to certain named persons. There is no express direction to accumulate, and if any is to be implied, it is void. The income unexpended remains Mary's property, and would go to her personal representatives. As was said in Coffman's Estate (No. 2), 31 D. & C. 93:

"We can only conjecture as to what the testatrix meant by this language. She may have meant, as contended by the charities, that any income in the hands of the trustee, which was not actually distributed at the moment of the life tenant's death, should become part of her residuary estate; she may have meant income due and accrued, but not collected; or she may have meant income accrued but not yet due. And in the absence of language clearly indicating an intent to reduce the absolute life estate previously given and the extent of such reduction, we must follow the accepted rule and hold that the entire income belongs to the life tenant."

The argument of exceptant—the residuary legatee under the will—is that this is a trust for support and that a trust for support has the same effect as a so-called spendthrift trust with respect to creditors of the beneficiary; that an award of undistributed income to the personal representatives of the deceased beneficiary makes the income available to creditors; and the cases of Horwitz v. Norris, 49 Pa. 213, and Huber's Appeal, 80 Pa. 348, are cited. This is a trust for support only so far as the discretion of the trustees applies the income to that purpose; the unexpended income remains Mary's property.

The exceptions are dismissed and the adjudication is confirmed absolutely.